IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALVENIO CULPEPPER, | : | PRISONER HABEAS CORPUS |
|   Petitioner, | : | 28 U.S.C. § 2254 |
| | : | |
| v. | : | |
| | : | |
| BRUCE CHATMAN, | : | CIVIL ACTION NO. |
|   Respondent. | : | 1:16-CV-1654-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Petitioner, Alvenio Culpepper, challenges via 28 U.S.C. § 2254 his May 2009 Gwinnett County convictions. The matter is before the Court for consideration of the petition [1], and Respondent's answer response and motion to dismiss [8, 9]. For the reasons stated below, the undersigned recommends that the motion to dismiss be granted and that this action be dismissed.

**I.   Discussion**

The Gwinnett County grand jury indicted Petitioner for the September 2006 stabbing death of Jenny Neville, two counts of felony murder, aggravated assault, armed robbery, theft by taking, and two counts of possession of a knife during the commission of a felony, criminal action 06-B-5990-8. (See Resp't Ex. 6, ECF No. 10-6); Culpepper v. State, 289 Ga. 736, 736-37 and n.1, 715 S.E.2d 155, 156 and n.1

(2011). A Gwinnett County jury found Petitioner guilty on all charges. See id., 289 Ga. at 737 n.1, 715 S.E.2d at 156 n.1. On June 2, 2009, the trial court imposed "sentences of life imprisonment for malice murder, and 20 years for armed robbery, 20 years for aggravated assault, and five years for possession of a knife, to be served consecutively[.]" See id. On September 12, 2011, the Georgia Supreme Court found that the aggravated assault conviction merged with the malice murder conviction, remanded for re-sentencing in regard to the sentence imposed for aggravated assault, and otherwise affirmed the judgment against Petitioner. Id., 289 Ga. at 738-39, 715 S.E.2d at 157-58. By order filed on December 8, 2011, the trial court re-sentenced Petitioner to an aggregate sentence of life plus twenty-five years for his convictions for murder, armed robbery, and possession of a knife during the commission of a felony. (Resp't Ex. 6).[1] The record does not indicate that Petitioner sought further direct review.

On November 26, 2012, Petitioner filed a state habeas corpus petition in the Superior Court of Tattnall County, civil action number 2012-HC-79-DC. (Resp't Ex.

---

[1]The trial court resentenced Petitioner "nunc pro tunc May 29, 2009[.]" (Resp't Ex. 6). Respondent, however, uses the December 8, 2011, resentencing date, as the basis for determining when Petitioner's convictions became final. (Br. in Support of Mot. to Dismiss at 4, ECF No. 9-1). The Court also shall us the resentencing date, which is more favorable to Petitioner in calculating timeliness.

2

1, ECF No. 10-1). By order filed on November 17, 2014, the Superior Court of Tattnall County denied relief. (Resp't Ex. 2, ECF No. 10-2). On May 11, 2015, the Georgia Supreme Court denied further review and issued the remittitur, case number S15H0691. (Resp't Exs. 4, 7, ECF Nos. 10-4, 10-7).

On May 4, 2016,[2] Petitioner filed his federal habeas corpus petition. (Pet., ECF No. 1). Petitioner provides no reason for his late filing. (See id.). Respondent moves that the petition be dismissed as untimely. (Resp't Br. at 2-5, ECF No. 9-1). Petitioner has not responded or offered any argument as to why his action should not be dismissed as untimely.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA") a one-year statute of limitations applies to a habeas corpus action attacking a state conviction. As stated at 28 U.S.C. § 2244:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[2]Generally, a prisoner filing in federal court may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it. Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir.) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, _ U.S. _, 135 S. Ct. 241 (2014).

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.[3]

---

[3] The one-year statute of limitations is subject to equitable tolling if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1207 (11th Cir. 2014) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 1171 (2015). Actual innocence also provides an equitable exception, though rare, to AEDPA's time limitations. McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1928 (2013) (stating that the petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)) (internal quotation marks omitted)). There is nothing in the record to indicate that actual innocence or equitable tolling apply.

There being no suggestion in the record before this Court that the provisions of subsections 2244(d)(1)(B)-(D) apply, the federal limitations period began to run when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek further direct review of his re-sentencing, his conviction became final on January 9, 2012, upon expiration of the thirty-day time period for seeking appellate review of the December 8, 2011, re-sentencing. See O.C.G.A. § 5-6-38; Georgia Supreme Ct. Rule 11.

Petitioner filed his state habeas corpus petition on November 26, 2012, after 321 days of the limitations period had run, with 44 days remaining. Petitioner's state petition remained pending until May 11, 2015, when the Georgia Supreme Court denied further review and issued the remittitur. See Dolphy v. Warden, 823 F.3d 1342, 1345 (11th Cir. 2016) ("[W]hen a state habeas petitioner seeks a certificate of probable cause from the Georgia Supreme Court and the Court denies the request, the petitioner's case becomes complete when the Court issues the remittitur for the denial. . . . This means that the case remains pending – and tolled – under § 2244(d)(2) until the Court issues the remittitur."). The federal limitations period resumed running on May 12, 2015, and expired in 44 days on June 24, 2015. Petitioner's May 6, 2016,

5

federal habeas corpus petition must be denied and dismissed as untimely by over ten months.

## II. Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), petition for cert. filed, No. 16-6498 (U.S. Oct. 17, 2016).

The undersigned recommends that a COA should be denied because untimeliness is not debatable based on the record before the Court. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

6

Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Respondent's motion to dismiss [9] be **GRANTED**, that the petition for a writ of habeas corpus [1] be **DENIED** and **DISMISSED** as untimely, and that a COA be **DENIED**.

The Clerk of Court is **FURTHER DIRECTED** to withdraw the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED**, **ORDERED**, **and DIRECTED**, this 5th day of December, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)