IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALVENIO CULPEPPER,

        Petitioner,

v.

BRUCE CHATMAN,

        Respondent.

1:16-cv-1654-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [12] ("R&R"). The R&R recommends the Court grant Respondent Bruce Chatman's ("Respondent") Motion to Dismiss [9] Petitioner Alvenio Culpepper's ("Petitioner") petition for habeas corpus [1] ("Petition").

### I.   BACKGROUND

Petitioner was indicted for the September 2006 stabbing death of Jenny Neville, and charged with two counts of felony murder, aggravated assault, armed robbery, theft by taking, and two counts of possession of a knife during the commission of a felony. A Gwinnett County, Georgia jury found Petitioner guilty on all charges. See Culpepper v. State, 715 S.E.2d 155, 156 & n.1 (Ga. 2011). On

June 2, 2009, the trial court imposed "sentences of life imprisonment for malice murder, and 20 years for armed robbery, 20 years for aggravated assault, and five years for possession of a knife, to be served consecutively[.]"  See id.

On September 12, 2011, the Georgia Supreme Court (i) found that the aggravated assault conviction merged with the malice murder conviction, (ii) remanded for re-sentencing in regard to the sentence imposed for aggravated assault, and (iii) otherwise affirmed the judgment against Petitioner.  Id. at 157-58. On December 8, 2011, the trial court re-sentenced Petitioner to an aggregate sentence of life plus twenty-five years for his convictions for murder, armed robbery, and possession of a knife during the commission of a felony.  The record does not indicate that Petitioner sought further direct review.

On November 26, 2012, Petitioner filed a state habeas corpus petition in the Superior Court of Tattnall County.  ([10.1]).  On November 17, 2014, the Superior Court of Tattnall County denied the relief Petitioner sought.  ([10.2]).  On May 11, 2015, the Georgia Supreme Court denied further review and issued the remittitur.  ([10.4], [10.7]).

On May 4, 2016,[1] Petitioner filed his Petition pursuant to 28 U.S.C. § 2254. On July 8, 2016, Respondent filed his Motion to Dismiss the Petition as untimely. Petitioner did not respond or offer any argument why this action should not be dismissed as untimely. On December 5, 2016, the Magistrate Judge issued her R&R. The Magistrate Judge recommends the Court grant Respondent's Motion to Dismiss the Petition as untimely. Petitioner did not file any objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Where, as here, no party has objected to the report and

---

[1]   "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (quoting United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)).

recommendation, the Court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.   Analysis

Absent extraordinary circumstances, a federal court may not consider the merits of a petition for a writ of habeas corpus unless it is timely filed.  28 U.S.C. § 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Magistrate Judge found that, because there is no suggestion in the record that the provisions of subsections (B) through (D) apply, the federal limitations period began to run when Petitioner's conviction became final by the conclusion of direct review or the expiration of time for seeking such review. (R&R at 5 (quoting 28 U.S.C. § 2244(d)(1)(A))). The Magistrate Judge determined that Petitioner's conviction became final on January 9, 2012. (Id. (citing O.C.G.A. § 5-6-38; Georgia Supreme Ct. Rule 11)). Petitioner filed his state habeas corpus petition on November 26, 2012, with 44 days of his federal limitations period remaining. The filing of the state-court petition tolled the federal limitations period until May 11, 2015, when the Georgia Supreme Court denied further review and issued the remittitur. On May 12, 2015, the limitations period resumed running, and expired on June 24, 2015, 44 days later. The Magistrate Judge thus found that Petitioner's May 6, 2016, Petition should be denied and dismissed as untimely. The Court finds no plain error in these findings and recommendation, and Respondent's Motion to Dismiss is granted. See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommends that a certificate of appealability ("COA") be denied, because the untimeliness of Petitioner's Petition is not

debatable based on the record before the Court.  The Court finds no plain error in this finding and recommendation, and a COA is denied.  See id.  Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [12] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Respondent Bruce Chatman's Motion to Dismiss [9] is **GRANTED**.  Petitioner Alvenio Culpepper's petition for habeas corpus [1] is **DENIED** and **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that a COA is **DENIED**.

**SO ORDERED** this 4th day of January, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE